# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3362

_____

| | | |
|---|---|---|
| Frank Robinson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| White County, Arkansas; Bob Parish, | * | |
| individually and in his official capacity | * | |
| as County Judge of White County, | * | |
| Arkansas; Pat Garrett, individually and | * | |
| in his official capacity as Sheriff of | * | |
| White County, Arkansas, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 10, 2006
Filed: August 23, 2006

_____

Before WOLLMAN and RILEY, Circuit Judges, and ROSENBAUM,[1] District
Judge.

_____

RILEY, Circuit Judge.

Frank Robinson (Robinson) filed a petition for rehearing and clarification in
this case, urging this court to reverse the district court's dismissal of Robinson's state

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District
Court for the District of Minnesota, sitting by designation.

law claims against White County, Arkansas (White County), and Judge Bob Parish (Judge Parish). We grant the petition for rehearing, reverse the district court's dismissal of Robinson's state law claims against White County and Judge Parish, and remand this case to the district court for further proceedings consistent with our opinion.

## I.    DISCUSSION

In his complaint, Robinson alleged claims under 42 U.S.C. § 1983 as well as six pendent state law claims against White County, Judge Parish, and Sheriff Pat Garrett (Sheriff Garrett) (collectively, the defendants). Robinson's state law claims alleged a violation of the Arkansas Civil Rights Act, false arrest or false imprisonment, abuse of process, malicious prosecution, interference with a contractual relationship or business expectancy, and outrage. In moving for summary judgment in the district court, the defendants did not address the state law claims in detail, but merely stated that since Robinson's arrest is lawful, "any alleged ulterior purposes . . . [and the state law] claims are irrelevant." Noting the defendants made "no effort in their [summary judgment] motion to outline the elements for [Robinson's] non-constitutional claims" beyond contending the arrest was lawful, the district court denied the defendants' summary judgment motion in its entirety. The defendants then moved for reconsideration of the district court's order and filed an amended summary judgment motion based on qualified immunity. Without any discussion or analysis of the state law claims, the district court entered summary judgment in the defendants' favor and dismissed Robinson's entire complaint with prejudice.

Robinson appealed. In our previous opinion, with regard to Robinson's state law claims, we concluded the defendants "failed to identify any grounds beyond qualified immunity demonstrating the absence of genuine issues of material fact." Robinson v. White County, Ark., 452 F.3d 706, 714 (8th Cir. 2006). Because we held Sheriff Garrett was not entitled to qualified immunity for Robinson's unlawful arrest, we reversed the district court's order granting summary judgment to Sheriff Garrett on Robinson's state law claims. Id. However, we affirmed the district court's order

granting summary judgment to Judge Parish, and did not analyze Robinson's state law claims against White County.  Id.

Upon reexamination of our prior opinion, we now reverse the district court's dismissal of the state law claims against all of the defendants.  It is well settled "[t]he party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact." Urihen v. Bristol-Myers Squibb Co., 346 F.3d 824, 827 (8th Cir. 2003) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The defendants' failure to do so, coupled with the district court's failure to articulate its basis for dismissing the state law claims, persuades us summary judgment on the state law claims is inappropriate on this record.

Thus, the state law claims remain viable against White County.  Because Sheriff Garrett is an employee of White County, and we denied summary judgment to Sheriff Garrett, White County may be subject to suit under the state law claims for Sheriff Garrett's conduct.  The state law claims also remain viable against Judge Parish.  In our previous opinion, we dismissed the state law claims against Judge Parish, concluding he had no power to participate in an arrest and thus did not undertake any unlawful act toward Robinson.  However, some of Robinson's state law claims may not depend on whether Judge Parish had the authority to participate in an arrest.  In addition, we reiterate the defendants' failure to demonstrate the absence of genuine issues of material fact on Robinson's state law claims renders summary judgment inappropriate.

## II.    CONCLUSION

We grant rehearing, and reverse the judgment of the district court dismissing Robinson's state law claims against White County and Judge Parish.  The portion of our opinion and judgment filed on July 3, 2006, affirming the dismissal of the state law claims is vacated.  We otherwise affirm our earlier opinion, and remand to the district court for further proceedings on (1) Robinson's individual capacity section

1983 claims against Sheriff Garrett, and (2) Robinson's state law claims against White County, Judge Parish, and Sheriff Garrett.

_____